[Crim. No. 247. Second Appellate District.—July 25, 1912.]

THE PEOPLE, Respondent, v. ROBERT F. WHITE, Appellant.

CRIMINAL LAW—ARSON—SUPPORT OF VERDICT—CIRCUMSTANTIAL EVIDENCE.—Where the defendant was convicted of the crime of arson, which was evidently of incendiary origin, though the evidence connecting defendant with the crime is almost wholly circumstantial, yet where the circumstances show that he had acquired a business which was not profitable, and in connection with which he told conflicting stories; that he had taken out two policies of insurance upon his furniture; that the fire was started from paper saturated with coal-oil, and that he had borrowed coal-oil a day or two before the fire—it is held that the jury was justified in concluding that defendant committed the crime.

ID.—EVIDENCE—FAIR MARKET VALUE OF FURNITURE BURNED—LIMITED EXAMINATION — COMPETENCY — WEIGHT — QUESTION FOR JURY.—

Where a dealer in new and second-hand furniture testified that he had seen defendant's furniture, and as to its fair market value, it is held that, though it was shown on cross-examination that his examination thereof was limited, that fact went not to the competency, but to the weight of his evidence, and that, in the absence of any counter-evidence as to a different market value, the jury were entitled to consider such market value as a circumstance in reaching their verdict.

Id.—INSTRUCTION AS TO EXTENT OF BURNING—ABSENCE OF PREJUDICE.—An instruction that, "To constitute a burning it is not necessary that the building set on fire should have been destroyed. It is sufficient that fire is applied, so as to take effect on any part of the substance of the building," does not assume a fact for the jury to determine. But, however, since the fire is conclusively shown to be of incendiary origin, such instruction could not be prejudicial.

Id.—ABSENCE OF PREJUDICIAL ERROR.—It is held that no prejudicial error appears in any of the rulings of the court.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Paul J. McCormick, Judge.

The facts are stated in the opinion of the court.

Paul W. Schenck, Roland G. Swaffield, and John C. Munholland, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

SHAW, J.—Defendant was convicted of the crime of arson. He appeals from the judgment and an order of court denying his motion for a new trial.

Appellant's chief contention is that the evidence is insufficient to justify the verdict. That the fire was of incendiary origin is not controverted. The evidence connecting defendant with the crime is almost wholly of a circumstantial nature. It tends to establish the following facts: That in September preceding the fire, which occurred on the night of November 30, 1911, defendant, by an assignment, acquired the lease of certain premises conducted as an apartment and lodging house, for which he agreed to pay $60 per month; that he bought from the prior occupant thereof the furniture contained therein, the market value of which was $275; that on October 19th

he took out a fire insurance policy on the furniture for $1,000, and on November 15th caused another policy thereon to be issued in the sum of $500; that on the night of the fire the apartment in which it was started, by breaking a hole in the plaster and inserting paper saturated with coal-oil, was unoccupied; that the prior occupant thereof had rented it for seven months from October 1st at $27.50 per month, but at the repeated request of defendant surrendered possession thereof to defendant on November 28th; that defendant claimed that he had rented the apartment to a man named Collins at $50 per month; that Collins paid one month's rent in advance, but never took possession of the house nor called for a return of the payment; that defendant never saw Collins after he made the payment. These and numerous other circumstances, among them being the conflicting stories concerning his transaction with Collins, the fact that the business was not profitable, and that defendant, a day or two before the fire, borrowed a cup of coal-oil from a neighbor, all tended to establish facts from which the jury were justified in concluding that defendant committed the crime.

A dealer in both new and second-hand furniture, called as a witness on behalf of the people, after stating that he knew the fair cash market value of the property which defendant had in the apartment, was asked to state such value. Defendant's objection to this question, upon the ground that it was incompetent and irrelevant, was overruled. Appellant claims that the cross-examination of the witness showed that he was not sufficiently acquainted with the various articles of furniture to testify as to their value, and further, that the question should have been directed to the value of the property as a whole installed as an equipment of the house. The limited examination of the property made by the witness, as shown by the cross-examination, and upon which he based his opinion, went to the weight, rather than to the competency, of his evidence. In the absence of evidence that the property possessed a different or special value by reason of being installed in the house, the market value thereof, in view of the insurance obtained thereon by defendant, was a circumstance which the jury was entitled to consider in reaching their verdict. We perceive no error in the action of the court in overruling the objection.

Appellant also. predicates error upon the giving of an instruction as follows: "To constitute a burning, it is not necessary that the building set on fire should have been destroyed. It is sufficient that fire is applied so as to take effect upon any part of the substance of the building." It is claimed that this instruction assumes a fact the existence of which was a question for the jury to determine. We do not think the instruction open to such contention; but however that may be, since the evidence conclusively shows that the fire was of incendiary origin, which fact is conceded by appellant, no prejudice could result from the giving of the instruction. (*People* v. *Besold*, 154 Cal. 363, [97 Pac. 871].)

A neighbor of defendant called as a witness stated that a day or two before the fire she loaned defendant coal-oil. On cross-examination she was asked: "Did you have any vinegar in the house?" to which an objection interposed by the people was sustained. While the defendant on cross-examination was entitled to show that the witness was mistaken in loaning coal-oil to defendant, that instead of coal-oil he obtained vinegar, it would by no means follow that because she had vinegar in the house she did not loan him coal-oil as stated.

Other alleged errors are equally without merit as those to which we have adverted.

The record discloses no prejudicial error, and the judgment and order are affirmed.

Allen, P. J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 24, 1912, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 23, 1912.